UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-2841 (RMC) |
| ALEX M. AZAR II, in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) | |
| *Defendant*. | ) ) | |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, *et al.*, | ) ) ) ) | |
| *Plaintiffs,* | ) ) ) | Civil Action No. 19-cv-0132 (RMC) |
| v. | ) ) | |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) ) ) | |
| *Defendant*. | ) ) | |

**RESPONSE TO THE COURT'S MINUTE ORDER OF FEBRUARY 27, 2019**

The parties to the above-referenced related actions respectfully submit this response to this Court's minute order of February 27, 2019, which directed the parties to "submit a proposed schedule for consolidated dispositive briefing or show good cause why such briefing should not

be consolidated." The parties have conferred and take different positions as to how briefing should proceed in this action.

### Plaintiffs' Position

1. The plaintiffs in both actions challenge the validity of a rule that the Secretary has issued governing payment rates for these services under the Medicare Outpatient Prospective Payment System ("OPPS"). *See* 83 Fed. Reg. 58,818 (Nov. 21, 2018). In particular, the Secretary purported to exercise his authority under Section 1833(t) of the Social Security Act (42 U.S.C. § 1395*l*(t)) to reduce the payment rate for evaluation and management ("E/M") services provided by certain off-campus provider based departments ("off-campus PBDs") by 30 percent for 2019 and by 60 percent for 2020. The Secretary projects that his rule will result in a total reduction in payments to affected providers of $380 million in 2019 alone. 83 Fed. Reg. at 59,014.

2. The plaintiffs in Civil Action No. 18-2841 are the American Hospital Association ("AHA"), the Association of American Medical Colleges ("AAMC"), and three hospitals that operate off-campus PBDs affected by the challenged rule.

3. The plaintiffs in Civil Action No. 19-0132 are 44 hospitals that operate off-campus PBDs that are affected by the challenged rule. Some of the plaintiffs in Civil Action No. 19-0132 are not members of the association plaintiffs in Civil Action No. 18-2841.

4. The defendant in both actions is the Secretary of Health and Human Services.

5. The plaintiffs in both actions have filed motions for summary judgment on the docket for their respective actions. Although both sets of plaintiffs challenge the validity of the same CMS rule, they have raised different points of emphasis in their respective briefs.

6. The plaintiffs therefore propose a schedule that calls for briefing in these related actions to proceed on the same timeline, so as to permit the defendant to file a single combined brief in response to the plaintiffs' briefs in their respective actions. The defendant would file a combined brief in each action in opposition to the pending summary judgment motions and in support of his forthcoming dispositive motion to be filed in each action by **March 15, 2019**; the plaintiffs would file their respective reply briefs and cross-opposition briefs by **March 29, 2019**; and the defendant would file a combined reply brief by **April 12, 2019**. This schedule would permit the government to file its initial brief fourteen days after the deadline it previously had agreed to in Case No. 18-2841, and seven days after the deadline it had agreed to in Case No. 19-132.

7. Under this schedule, the plaintiffs would file independent reply briefs and cross-opposition briefs, which the plaintiffs believe is warranted given the different points of emphasis in their two opening submissions. Plaintiffs have no objection to an extension of page limits for the defendant's combined briefs (its brief in opposition and reply in support of its cross-motion).

8. Allowing the plaintiffs to file separate briefs is appropriate here. While plaintiffs are challenging the same agency rulemaking, they are separately represented, are pressing separate cognizable claims, and have their own unique perspectives on the legal and factual issues presented in this case. Requiring all plaintiffs to file a single joint reply brief would also further slow down the briefing schedule, needlessly delaying resolution of this case—which, after all, challenges a rule governing OPPS payment rates for 2019.

9. Moreover, the defendant's proposal that the plaintiffs *also* be required to rework their already-docketed motions for summary judgment into a new joint opening brief would even

further delay the case and impose unnecessary and burdensome costs on the plaintiffs—all while providing the defendant and the Court scant, if any, efficiency advantage.

10. For these reasons, this Court should decline defendant's invitation and permit plaintiffs to file their own reply briefs, as is routinely permitted in cases involving case consolidation and/or intervention. *See, e.g.*, *Apotex, Inc. v. Sebelius*, Civ. Action No. 10-517 (RMC), 700 F. Supp. 2d 138, 140 (D.D.C. 2010) (Collyer, J.); minute order of Aug. 13, 2014, *Shands Jacksonville Med. Ctr. v. Sebelius*, Civ. Action No. 14-263 (D.D.C.) (permitting separate briefing by separately-represented plaintiffs and combining the government's briefing in consolidated actions challenging a Medicare rule). Plaintiffs will endeavor, to the extent possible, to minimize overlap between their briefing; and they of course have no objection to the government's being permitted an appropriate number of additional pages to respond to plaintiffs' briefing.

11. The plaintiffs also request that the Court expeditiously set a hearing for argument in the related cases. Both the AHA's and AAMC's members and the individual hospital plaintiffs in both actions are suffering immediate financial harm as a direct result of the unlawful rule—which, as noted, governs OPPS payment rates for 2019. A prompt decision from the Court would further the interests of justice, fairness, and judicial economy.

**Defendant's Position**

1. On February 27, 2019, the Court stayed all briefing in the two above-captioned cases and directed the parties to submit a proposed schedule for consolidated briefing, or show good cause why briefing should not be consolidated. In light of the Court's Order, defendant respectfully requests that the Court require the plaintiffs in the two cases to submit consolidated briefing on their motions for summary judgment.

2.     The plaintiffs in the two cases raise essentially identical claims against the challenged rule.  Consolidated briefing on plaintiffs' motions, therefore, would allow defendant to respond to those claims more clearly and concisely and would assist the Court in ruling on plaintiffs' motions without duplicative briefing.  Although plaintiffs indicate that their separate briefs raise different points of emphasis, Defendant does not believe that this reason amounts to "good cause" for filing separate briefs; plaintiffs' combined brief could, of course, have multiple points of emphasis.

3.     Accordingly, defendant respectfully requests that the Court order the plaintiffs to file a consolidated dispositive brief at a time of their choosing, and that the Court enter the following schedule for further briefing on plaintiffs' motions:  Defendant shall file its opposition to plaintiffs' consolidated brief and cross motion within 21 days after the filing of plaintiffs' consolidated brief; plaintiffs shall file a consolidated reply and opposition within 21 days of defendant's opposition and cross motion; and defendant shall file a consolidated reply within 14 days of plaintiffs' opposition and reply.

4.     In the alternative, if the Court finds that plaintiffs have established good cause to file separate briefs, defendant proposes the following schedule for further briefing:  Defendant shall file separate oppositions and cross motions, one for each case, within 14 days after the stay of briefing is lifted; plaintiffs shall file their replies and oppositions within 21 days of defendant's oppositions and cross motions; and defendant shall file its replies within 14 days of plaintiffs' replies and oppositions.  This schedule would give the Court adequate time to consider the parties' positions and for defendant to prepare separate oppositions and cross motions after the current stay of briefing is lifted.  The March 15, 2019 deadline proposed by plaintiffs is unwarranted given that the Court stayed the briefing schedules in both cases on

February 27, 2019 and has not yet resolved the parties' dispute about the meaning of the Court's order, leaving uncertainty about whether defendants will be responding to the current motions for summary judgment or, as defendants believe is more appropriate, an as yet-unfiled consolidated motion.

Dated:  March 6, 2019

/s/ Catherine E. Stetson
Catherine E. Stetson (D.C. Bar No. 453221)
Susan M. Cook (D.C. Bar No. 462978)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5491
Fax: 202-637-5910
cate.stetson@hoganlovells.com

*Counsel for Plaintiffs in No. 18-2841*

/s/ Mark D. Polston
Mark D. Polston (Bar No. 431233)
Christopher P. Kenny (Bar No. 991303)
Nikesh Jindal (Bar No. 492008)
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C.  20006
202.626.5540 (phone)
202.626.3737 (fax)
MPolston@kslaw.com

*Counsel for Plaintiffs in No. 19-0132*

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Trial Attorney
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone:  (202) 305-0878
bradley.humphreys@usdoj.gov
justin.sandberg@usdoj.gov

*Counsel for Defendant*