IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of Health & Human Services, <br><br> Defendant. | Case No. 1:18-CV-2841-RMC |

**RESPONSE TO PLAINTIFFS' NOTICE OF INTENT TO FILE MOTION TO ENFORCE JUDGMENT AND REQUEST FOR BRIEFING SCHEDULE**

Plaintiffs have filed a "Notice of Intent to File Motion to Enforce Judgment and Request for Briefing Schedule," November 6, 2019, ECF No. 40. Both Plaintiffs' proposed filing and the requested briefing schedule merit a brief response.

Plaintiffs' proposed motion will attempt to "enforce this Court's judgment" with respect to the 2019 Outpatient Prospective Payment System (OPPS) Rule against the 2020 OPPS Rule, because the 2020 Rule's approach to the site neutral payment policy was also at issue in 2019. *Id.* Defendant recognizes the tension between the 2020 OPPS Rule and the reasoning of this Court's judgment with respect to the 2019 OPPS Rule, which is a product of timing (of the Rule and this Court's decisions) and the potential for further review of this Court's decision as to the 2019 Rule. But that tension does not justify ignoring the unwaivable jurisdictional presentment requirement, which would prohibit the Court from exercising jurisdiction over any challenge to the 2020 OPPS Rule prior to Plaintiffs presenting claims to Medicare under that rule, sometime

in the new year.  *Am. Hosp. Ass'n v. Azar*, 895 F.3d 822 (D.C. Cir. 2018).  Nor does it justify ignoring the fact that the Court's Order with respect to the 2019 Rule does not (and could not) extend to the 2020 Rule, meaning that there is no judgment to enforce as to the 2020 Rule.  *See* Order, at 1, September 17, 2019, ECF No. 32.  That is why, in a similar context involving Medicare payments for certain drug purchases, the American Hospital Association (AHA)—one of the Plaintiffs here—filed a motion to extend the Court's previous ruling with respect to the 2018 OPPS Rule to the 2019 OPPS Rule.  *See AHA v. Azar*, 18-cv-2084 (DDC) (RC), Motion for a Permanent Injunction Covering the 2019 OPPS Rule, Feb. 11, 2019, ECF No. 35.  In other words, AHA did not seek relief under the guise of a motion to enforce the earlier judgment, and it came to the Court only after satisfying the jurisdiction presentment requirement.  All of that said, because of the tension adverted to earlier in this paragraph, following presentment of claims in early 2020, Defendant is amenable to litigating the matter expeditiously while still preserving Defendants' ability to appeal the Court's judgment as to the 2019 Rule, as well as any future decision with respect to the 2020 Rule.

With respect to scheduling, as noted above, there is no need for any briefing on Plaintiffs' proposed motion at this time, much less on an expedited schedule.  But in any event, Plaintiffs provide no solid basis for allowing Defendant only one week to response to Plaintiffs' proposed motion.  The Local Rules afford the party responding to a motion 14 days to do so.  L. Cv. R. 7(b).  And Plaintiffs have not indicated that they intend to file a motion for emergency relief that would justify an expedited briefing schedule, L. Cv. R. 65.1(c), almost certainly because they cannot satisfy the irreparable harm requirement for such relief, given that only money is at stake.  *See Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C.Cir.1995) (holding that recoverable economic losses normally do not constitute irreparable harm).  Plaintiffs should not

be allowed to get the benefits of emergency relief without meeting the demanding requirements for doing so.

Dated: November 7, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Justin M. Sandberg*
JUSTIN M. SANDBERG
Senior Trial Counsel
BRADLEY P. HUMPHREYS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-5838
Fax: (202) 616-8202
Bradley.Humphreys@usdoj.gov
Justin.Sandberg@usdoj.gov

*Counsel for Defendant*