UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AMERICAN HOSPITAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, <br><br> Defendant. | Case No. 1:18-cv-02841-RMC |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, <br><br> Defendant. | Case No. 1:19-cv-00132-RMC |

**STATEMENT OF THE *UNIVERSITY OF KANSAS HOSPITAL AUTHORITY* PLAINTIFFS IN RESPONSE TO THE *AMERICAN HOSPITAL ASSOCIATION* PLAINTIFFS' MOTION TO ENFORCE JUDGMENT**

The plaintiffs in the *American Hospital Association* action have filed a motion to enforce this Court's judgment, ECF No. 43, but that motion did not recite the position of the plaintiffs in the consolidated *University of Kansas Hospital Association* action ("the *UKHA* plaintiffs"). The *UKHA* plaintiffs accordingly submit this separate document to respectfully inform the Court that they take no position on the motion to enforce.

Our position, however, should not be read as an expression of any doubt as to the legality of the portion of the Secretary's final 2020 Outpatient Prospective Payment System rule in which

1

the Secretary purports to cut payment rates for evaluation and management services performed at excepted off-campus provider-based departments.  To the contrary, that payment cut is plainly illegal for the same reasons that this Court stated in vacating the similar payment cuts in the 2019 OPPS rule, and that the *UKHA* plaintiffs explained in prior briefing in these actions.

For the 2020 rule, as with the 2019 rule, the Secretary seeks to justify the payment cut as an exercise of his authority to "develop a method for controlling unnecessary increases in the volume of covered OPPS services." 42 U.S.C. § 1395*l*(t)(2)(F).  But the statutory context "make[s] clear what a 'method' is not:  it is not a price-setting tool, and the government's effort to wield it in such a manner is manifestly inconsistent with the statutory scheme." Mem. Op. 19 (ECF No. 31).  The statute, through an intricate series of cross-referenced provisions, sets forth an elaborate formula to determine payment rates for individual outpatient services, in which the Secretary's "methods" authority plays no role.  "CMS cannot shoehorn a 'method' into the multi-faceted congressional payment scheme when Congress's clear directions lack any such reference.  … [N]othing in the adjustment or payment scheme permits service-specific, non-budget-neutral cuts." Mem. Op. 20.

Given the patent illegality of Section X.C of the 2020 OPPS final rule, the *UKHA* plaintiffs intend to bring a legal action challenging the validity of that portion of the rule following the presentment of their claims to the agency.

Dated:  November 21, 2019                    Respectfully submitted,

/s/ Joel McElvain
Joel McElvain (Bar No. 448431)
Mark D. Polston (Bar No. 431233)
Christopher P. Kenny (Bar No. 991303)
Nikesh Jindal (Bar No. 492008)
KING & SPALDING LLP
1700 Pennsylvania Av., N.W.
Suite 200
Washington, D.C. 20006
202.626.5540 (phone)
202.626.3737 (fax)
MPolston@kslaw.com

*Counsel for the Plaintiffs in Case No. 19-132*